IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

BRIADCO TOOL & MOULD, INC.,

                Plaintiff,             Case No. 3:09 CV 53

    -vs-

                                                 MEMORANDUM  OPINION

TRIPLE DIAMONG PLASTICS, INC.,
et al.,

                Defendant.

KATZ, J.

This matter is before the Court on Plaintiff Briadco Tool & Mould, Inc.'s ("Briadco") unopposed motion to dismiss the negligence claim in Defendant Triple Diamond Plastics, Inc.'s ("TDP") counterclaim pursuant to Fed. R. Civ. P. 12(c).  (Doc. 20).

**I.  Background**

Briadco is a mold making and design company in the business of providing tools and molds to various customers, including TDP.  (Doc. 1-1 at 1).  Briadco alleges that Briadco and TDP entered into agreements whereby Briadco agreed to deliver molds, tools and services to TDP in exchange for TDP's promise to pay.  (Doc. 1-1 at ¶ 6; Def.'s Counterclaim at ¶6).  Briadco alleges that its molds were to be used by TDP in the manufacture of shipping bins of various sizes. (Doc. 1-1 at ¶ 7).  Briadco alleges it manufactured the molds and TDP breached the agreements by failing to pay for, or take delivery of, the molds.  (Doc. 1-1 at ¶¶ 8-9).

On January 9, 2009, Briadco brought this action against TDP, claiming breach of contract, unjust enrichment, implied contract, account stated, and replevin.  (Doc. 1-1).  On March 20, 2009, TDP filed its Answer, which included three counterclaims against Briadco: breach of contract, breach of express and implied warranties, and negligence.  (Def.'s Counterclaim).

Contrary to Briadco's assertion, TDP claims that Briadco breached the agreements by failing to deliver molds, tools, and services which met the agreed specifications. (Def.'s Counterclaim at ¶ 7). TDP further claims that Briadco failed to deliver the products in a timely fashion in accordance with the agreements. (Def.'s Counterclaim at ¶ 8).

On April 9, 2009, Briadco filed a motion to dismiss TDP's negligence claim under Fed. R. Civ. P. 12(c). In support of its motion, Briadco argues that TDP's negligence claim should be dismissed because it "fails to allege a duty separate and distinct from the duty alleged in Defendant's breach of contract claim and is otherwise barred by Ohio's economic loss doctrine." (Doc. 20-1 at 1). TDP has not filed an opposition to Briadco's motion.

**II. Standard of Review**

A motion for judgment on the pleadings under Rule 12(c) is determined using the same standard of review used for motions to dismiss under Rule 12(b)(6). *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 511-512 (6th Cir. 2005). Fed. R. Civ. P. 12(b)(6) provides for dismissal of a lawsuit for "failure to state a claim upon which relief can be granted." Courts must accept as true all of the factual allegations contained in the complaint when ruling on a motion to dismiss. *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007); *Thurman v. Pfizer, Inc*., 484 F.3d 855, 859 (6th Cir. 2007). To survive a motion to dismiss under Rule 12(b)(6), "even though a complaint need not contain 'detailed' factual allegations, its 'factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true.'" *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, *Ohio*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1969 (2007)).

Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. *Twombly*, 127 S.Ct. at 1965 (stating that the complaint must contain something more than "a formulaic recitation of the elements of a cause of action").  A complaint must state sufficient facts to, when accepted as true, state a claim "that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (explaining that the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully" and requires the complaint to allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct). In conjunction with this standard, the Court is cognizant that Fed. R. Civ. P. 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'  Specific facts are not necessary; the statements need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007) (citing *Twombly*, 550 U.S. at 596); *see also Sensations, Inc. v. City of Grand Rapids,* 526 F.3d 291, 295-96 (6th Cir 2008).  The Court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

**III.  Discussion**

Pursuant to Fed. R. Civ. P. 12(c), Briadco moves for dismissal of TDP's negligence claim because it allegedly fails to state a duty separate and distinct from the duty set forth in TDP's breach of contract claim and is barred by Ohio's economic loss doctrine.

**A. Separate and Distinct Duty**

Briadco moves to dismiss TDP's negligence claim based because it fails as a matter of law by virtue of the similarity between the negligence claim and the breach of contract claim. (Doc. 20-1 at 3). Briadco argues that TDP's allegations underlying its breach of contract claim are one-in-the-same with its allegations underlying its negligence claim. *Id.* TDP's breach of contract claim alleges in pertinent part:

> 6. Triple Diamond entered into agreements with Briadco as related to Briadco's manufacturing and delivering to Triple Diamond molds, tools and services which were to meet certain specifications.
> 7. Briadco breached the agreements between the parties by failing to deliver molds, tools, and services which met the agreed specifications.
> 8. Briadco failed to timely deliver the molds, tools and services to Triple Diamond pursuant to the agreements between the parties.
> 9. Briadco has breached the agreements between the parties.

(Def.'s Counterclaim ¶¶ 6-9). татр's negligence claim alleges:

> 20. Briadco was negligent in the design, building and delivery to Triple Diamond of the molds, tools and services subject of the agreement between the parties.

(Def.'s Counterclaim ¶ 20).

In Ohio, a breach of contract does not create a tort claim. *Wolfe v. Continental Cas. Co.* 647 F.2d 705, 710 (6th Cir. 1981). In *Textron Fin. Corp. v. Nationwide Mut. Ins. Co.*, the Ohio Court of Appeals for the Ninth District states: "a tort claim based upon the same actions as those upon which a claim of contract breach is based will exist independently of the contract action only if the breaching party also breaches a duty owed separately from that created by the contract, that is, a duty owed even if no contract existed." 684 N.E.2d 1261, 1270 (1996) (citing *Battista v. Lebanon Trotting Assn.*, 538 F.2d 111, 117 (6th Cir. 1976)).

In looking at TDP's Counterclaim, both the breach of contract claim and the negligence claim assert that TDP was damaged as a result of Briadco's failure to meet design specifications

4

allegedly agreed to between the parties. (Def.'s Counterclaim ¶¶ 7, 20). Further, TDP contends in its Counterclaim that "Briadco had a duty to Triple Diamond which was breached." (Def.'s Counterclaim ¶ 21). In making that statement, however, TDP does not provide the Court with any basis on which to distinguish that duty from the duty that allegedly arises from the agreement between the parties that is the basis of the breach of contract claim. In other words, TDP fails to factually distinguish the duty imposed upon Briadco via the contract from the duty allegedly imposed upon Briadco via the tort claim. Both claims allege that Briadco failed to properly design and build the molds pursuant to TDP's specifications. Therefore, TDP's negligence claim is improper as a matter of law.

### B. Economic Loss Doctrine

The Court is cognizant of Briadco's argument that TDP's negligence claim is barred by Ohio's economic loss doctrine. However, because TDP's negligence claim is barred because it fails to assert a separate and distinct duty from TDP's breach of contract claim, the Court need not address the economic loss doctrine.

### IV. Conclusion

For the reasons discussed herein, the Court hereby grants Briadco's motion to dismiss TDP's negligence claim. (Doc. 20).

IT IS SO ORDERED.

    s/ *David A. Katz*
    DAVID A. KATZ
    U. S. DISTRICT JUDGE